COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-310-CR
 
  
JOSE 
RODOLFO AMAYA                                                        APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 415TH DISTRICT COURT OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Jose Rodolfo Amaya challenges the trial court’s revocation of his community 
supervision because the record does not show that he was served a copy of the 
State’s motion to revoke. Because Appellant forfeited this complaint by 
failing to preserve error in the trial court, we will affirm.
        Appellant 
was charged with possession of a controlled substance of one gram or more but 
less than four grams, enhanced by a prior drug possession felony. Appellant 
pleaded guilty and, in accordance with his plea agreement, was sentenced to ten 
years’ imprisonment; the trial court suspended the sentence and placed 
Appellant on ten years’ community supervision on March 2, 2000. The trial 
court modified the conditions of Appellant’s community supervision on July 24, 
2001. After this modification, the State filed its motion to revoke community 
supervision on October 3, 2002. Appellant pleaded not true to the motion’s 
allegations. The trial court adjudicated him guilty on July 6, 2004 and, in 
accordance with the parties’ agreement, sentenced him to nine years, eleven 
months’ confinement.
        In 
a single point, Appellant argues that he was denied the right to due process 
because the record does not show that he was served with the State’s motion to 
revoke. To preserve a complaint for our review, a party must have presented to 
the trial court a timely request, objection, or motion that states the specific 
grounds for the desired ruling if they are not apparent from the context of the 
request, objection, or motion. Tex. R. 
App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. 
Crim. App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999). 
Appellant not only failed to apprise the trial court of the absence of proof in 
the record that he had been served with the motion to revoke but also 
affirmatively waived reading of the motion to revoke at the revocation hearing. 
Therefore, Appellant has forfeited his due process complaint on appeal. See 
Eddie v. State, 100 S.W.3d 437, 440 (Tex. App.—Texarkana 2003, pet. 
ref’d); see also Holt v. State, No. 05-03-251-CR, 2003 WL 22805164, at 
*2 (Tex. App.—Dallas Nov. 26, 2003, no pet.) (not designated for publication); 
Cavazos v. State, No. 04-98-1054-CR, 2000 WL 124911, at *1 (Tex. 
App.—San Antonio Feb. 2, 2000, no pet.) (not designated for publication).
         Accordingly, 
we overrule Appellant’s sole point and affirm the trial court’s judgment.
   
    
                                                          PER 
CURIAM
  
   
PANEL 
F:   MCCOY, DAUPHINOT, AND HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 2, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.